<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2535-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VICTORIO S. WILLIAMS,

     Defendant-Appellant.

_____

Submitted September 10, 2019 – Decided October 1, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-03-0833.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Victorio Williams of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); and fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a)(1). Defendant was sentenced to an aggregate prison term of nine-and-a-half years, with five years of parole ineligibility. Specifically, defendant was sentenced to eight years in prison, with forty-two months of parole ineligibility, on the conviction for unlawful possession of a weapon; eight years, with forty-two months of parole ineligibility, for the conviction of possession of a weapon for an unlawful purpose; eighteen months, with eighteen months of parole ineligibility, for the conviction of aggravated assault; and eighteen months for the conviction of resisting arrest. All the sentences were run concurrently, except for the sentence for aggravated assault, which was run consecutively to the other sentences.

Defendant argues that the trial court erred in failing to give the model jury charge on the defense of third-party guilt. He also contends that his sentence was excessive and that the conviction for aggravated assault should have merged with his conviction for possession of a weapon for an unlawful purpose. We reject his arguments concerning the jury charge and excessive sentence. We

agree that his sentence for aggravated assault should have merged. Accordingly, we vacate that sentence and remand with directions that that conviction be merged with his conviction for possession of a weapon for an unlawful purpose.

## I.

The charges against defendant and co-defendant Hasson Rich arose out of events that took place on November 2 and 3, 2015.[1] We take the facts from the record developed at the joint trial of defendant and his co-defendant.

On the evening of November 2, 2015, nine members of the Newark Police Department's firearms interdiction team conducted a proactive patrol in the area of Fourth Avenue and North 12th Street in Newark. The officers were patrolling in four unmarked police vehicles. When they turned on to North 12th Street at approximately 11 p.m., they noticed a group of men standing on the side of the street. One officer observed that one of the men appeared to be holding his waistband as if he had a gun. The officers stopped and began to exit their vehicles and two of the men began to run holding their waistbands as if they had guns. The two men were later identified as defendant and co-defendant Rich.

---

[1] Rich has filed a separate appeal, which we address in the unpublished opinion in State v. Hasson Rich, No. A-2477-17 (App. Div. Oct. 1, 2019).

A-2535-18T3

Rich was almost immediately tackled by one of the officers and a struggle ensued. With the assistance of other officers, Rich was arrested and found to be in possession of a loaded handgun.

Defendant ran away and several officers chased him. Detectives Anna Colon and Abdullah Holmes both testified at trial and explained that they chased defendant when he initially fled. They also both identified defendant as the person they chased.

Detective Colon explained that as she pursued defendant, he ran behind several homes. Thereafter, she confronted defendant when he emerged from behind one of the homes. She testified that defendant had a silver pistol and he pointed it at her. In reaction, Detective Colon fired four shots at defendant, but she did not think she hit him. Defendant ran away and Detective Colon lost sight of him.

Two other officers, Detective Holmes and Sergeant Ruane, heard gun shots. Detective Holmes saw defendant with a gun in his hand and he fired several shots at defendant. Sergeant Ruane saw Detective Colon fire her service weapon, observed a man, and he twice fired his weapon at the man. Sergeant Ruane did not think he shot the man, but he was able to identify the person he saw as defendant.

A-2535-18T3

Thereafter, the police brought in a K-9 unit to track defendant. They also used a helicopter in their search for defendant. During that search, the police found a silver and black 9mm pistol in one of the yards into which defendant had run.

Eventually, defendant was found under the porch of a home located on North 11th Street. After negotiations, defendant was arrested at that location. At the time of his arrest, defendant had a cut on one of his hands, but he had not been hit by any of the bullets fired at him.

Sergeant Ruane testified that he found blood in examining the scene where some of the shots had been fired, other officers also found blood on a gate and doorknob, and those officers testified that the amount of blood found was substantial. Police did not investigate the source of the blood after defendant's arrest. While searching for defendant, some officers communicated that there might be a third suspect.

## II.

On appeal, defendant argues that the jury instructions were defective and his sentence was excessive and legally defective. Specifically, he contends:

> POINT I – THE OMISSION OF THE MODEL JURY INSTRUCTION ON THE DEFENSE OF THIRD PARTY GUILT DENIED DEFENDANT A FAIR TRIAL

A-2535-18T3

POINT II – THE SENTENCE OF NINE AND ONE HALF YEARS WAS EXCESSIVE, THE CONVICTION OF AGGRAVATED ASSAULT SHOULD HAVE MERGED FOR SENTENCING PURPOSES, AND THE TRIAL COURT PROVIDED NO REASONS FOR THE CONSECUTIVE SENTENCE

A.     The Defense of Third-Party Guilt and the Jury Instructions

At trial, defendant argued that he was not the man who ran away from the police. Instead, defendant contended that he had taken shelter under the porch when he heard gun shots and that a third man, who was never captured, actually ran from the police and had pointed his gun at one of the officers. In support of that defense, defendant's counsel asserted that the amount of blood discovered at the scene could not have come from defendant because he only had a small cut on his hand.

In instructing the jury, the trial court informed the jury that the State always has the burden of proof and that the State must prove beyond a reasonable doubt that defendant was the person who committed the alleged offenses. The trial judge also instructed the jury that the defendant had no obligation to prove anything, including whether the crime was committed by someone else. In that regard, the instructions to the jury included the following:

> The defendants, as part of their general denial of guilt, contend that the [S]tate has not presented sufficient

6                                                       A-2535-18T3

reliable evidence to establish beyond a reasonable doubt that they are the persons who committed the alleged offenses. The burden of proving the identity of a person who committed a crime is upon the [S]tate. For you to find defendant guilty, the state must prove beyond a reasonable doubt that this person is the particular defendant is the person who committed the crime.

The defendants have neither the burden nor the duty to show that the crime, if committed, was committed by someone else, or to prove the identity of that other person. You must determine, therefore, not only whether the [S]tate has proven each and every element of the offenses charged beyond a reasonable doubt, but also as to whether or not the [S]tate has proved beyond a reasonable doubt that that particular defendant is the person who committed it.

Defendant did not object to that instruction at trial, nor did defendant request that the court give a more particularized instruction, including the model instruction for third-party guilt. See Model Jury Charge (criminal), "Third-Party Guilt Jury Charge" (approved Mar. 9, 2015). On appeal before us, however, defendant now argues that the omission of the model jury instruction on the defense of third-party guilt denied him a fair trial and requires the reversal of the jury verdict. We disagree.

When a defendant fails to object to a jury charge, we review the charge for plain error, and "disregard any alleged error 'unless it is of such a nature as to have been clearly capable of producing an unjust result.'" State v.

7

Funderburg, 225 N.J. 66, 79 (2016) (quoting R. 2:10-2). Plain error in jury charges is "'[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result.'" State v. Camacho, 218 N.J. 533, 554 (2014) (alteration in original) (quoting State v. Adams, 194 N.J. 186, 207 (2008)).

In reviewing a claim of error relating to a jury charge, "[t]he charge must be read as a whole in determining whether there was any error." State v. Torres, 183 N.J. 554, 564 (2005) (citing State v. Jordan, 147 N.J. 409, 422 (1997)). In addition, the error "must be evaluated in light 'of the overall strength of the State's case.'" State v. Walker, 203 N.J. 73, 90 (2010) (quoting State v. Chapland, 187 N.J. 275, 289 (2006)). Furthermore, defense counsel's failure to object to the jury instruction "gives rise to a presumption that he [or she] did not view [the charge] as prejudicial to his [or her] client's case." State v. McGraw, 129 N.J. 68, 80 (1992).

Here, viewing the charges as a whole, we discern no plain error in the trial court's omission of the unrequested third-party guilt charge. The instruction actually given to the jury informed them of defendant's denial of guilt and his

argument that he was not the person who possessed the weapon and ran from the police. Defense counsel's arguments, coupled with the actual charges given, clearly informed the jury of defendant's contention that a third person was guilty of the crimes. Thus, we discern no reversible error in the jury instructions.

B.    The Sentence

Defendant also challenges his sentence, making two related arguments. He contends that the sentence was excessive and that his sentence for aggravated assault should have merged with the sentence for possession of a firearm for an unlawful purpose. We are not persuaded by the excessive sentence argument, but we agree with the merger argument.

We review sentencing determinations under a deferential standard. State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). We do not substitute our "judgment for the judgment of the sentencing court." Lawless, 214 N.J. at 606 (first citing State v. Cassady, 198 N.J. 165, 180 (2009); then citing State v. O'Donnell, 117 N.J. 210, 215 (1989)). Instead, we will affirm a sentence unless

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the

sentence clearly unreasonable so as to shock the judicial conscience."

[State v. Miller, 237 N.J. 15, 28 (2019) (alteration in original) (quoting State v. Fuentes, 217 N.J. 57, 70 (2014)).]

At sentencing, the court found aggravating factors three, the risk of re-offense; six, the nature and extent of defendant's prior record; eight, committing an offense against an officer while on duty; and nine, the need for deterrence. N.J.S.A. 2C:44-1(a)(3), (6), (8) and (9). The court found no mitigating factors and determined that the aggravating factors substantially outweighed the lack of mitigating factors.

At sentencing defendant contended that he suffered from and was being treated for schizophrenia. Before us, defendant argues that the trial court erred in failing to give weight to mitigating factor four, that there were substantial grounds to excuse or justify defendant's conduct, N.J.S.A. 2C:44-1(b)(4). Defendant goes on to argue that his sentence was excessive, we should reverse his sentence, and remand for resentencing.

We reject defendant's arguments as they relate to an excessive sentence and as to mitigating factor four. The sentencing court considered defendant's arguments, but found that there were insufficient facts to support a finding of

10

mitigating factor four under the circumstances of this case. We discern no abuse of discretion in that determination. We also discern no abuse of discretion in the trial court's findings of the aggravating factors, each of which was supported by sufficient evidence in the record. Consequently, we affirm defendant's sentences for his convictions of unlawful possession of a firearm, possession of a firearm for an unlawful purpose, and resisting arrest.

Defendant's sentence for aggravated assault, however, should have merged with his sentence for possession of a firearm for an unlawful purpose. Indeed, the State concedes this point. "'When the only unlawful purpose in possessing the gun is to use it to commit a substantive offense, merger is required.'" State v. Tate, 216 N.J. 300, 308 (2013) (quoting State v. Diaz, 144 N.J. 628, 636 (1996)).

Here, the jury was instructed that defendant's "unlawful purpose in possessing the weapon was to commit the crime of aggravated assault by pointing it at [the] detective." Accordingly, merger is required. We, therefore, remand for resentencing so that the sentence for aggravated assault can be merged with the sentence for possession of a firearm for an unlawful purpose.

Defendant's convictions are affirmed and we remand for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2535-18T3